Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Hackworth<br><br>Plaintiff,<br><br>vs.<br><br>JW Health and Fitness, LLC d/b/a Smoothie Factory and John Wilfert,<br><br>Defendants. | No. _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Ashley Hackworth ("Plaintiff"), individually, and by and through the undersigned attorney and sues the Defendants, JW Health and Fitness, LLC d/b/a Smoothie Factory ("Defendant Smoothie Factory"), and John Wilfert (collectively, "Defendants"), and she alleges as follows:

**PARTIES**

1. At all material times, Plaintiff is an individual residing in Pima County, Arizona.

2. At all material times, Defendant Smoothie Factory was a Limited Liability Company duly licensed to transact business in the State of Arizona. Defendant Smoothie

-1-

Factory does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona, and Pima County, Arizona.

3. At all relevant times, Plaintiff was an employee of Defendant Smoothie Factory. At all relevant times, Defendant Smoothie Factory, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Smoothie Factory. In any event, at all relevant times, Defendant Smoothie Factory was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

4. At all relevant times, Defendant John Wilfert owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Smoothie King. At all relevant times, Defendant John Wilfert had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Smoothie Factory. In any event, at all relevant times, Defendant John Wilfert was an employer subject to the FLSA and employed Plaintiff.

5. Upon information and belief, Defendants were and continue to be residents of Pima County, Arizona.

6. At all relevant times, Plaintiff was an "employee" of JW Health and Fitness, LLC d/b/a Smoothie Factory and John Wilfert as defined by 29 U.S.C. § 203(e)(1).

-2-

7. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to JW Health and Fitness, LLC d/b/a Smoothie Factory and John Wilfert.

8. At all relevant times, JW Health and Fitness, LLC d/b/a Smoothie Factory and John Wilfert were and continue to be employers as defined by 29 U.S.C. § 203(d).

9. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

10. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## BACKGROUND

13. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

## NATURE OF THE CLAIM

14. Defendants own and/or operate as JW Health and Fitness, LLC d/b/a Smoothie Factory, an enterprise located in Pima County, Arizona.

15. Plaintiff was employed by Defendants from approximately November 1, 2014, through approximately March 31, 2015, and had the job title "Store Manager." However, despite Plaintiff's job titles, her job duties were not managerial in nature whatsoever, and Plaintiff was non-exempt from the FLSA's overtime requirements.

16. For the entire duration of Plaintiff's employment with Defendants, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

17. As a result of Defendants' failure to pay time and a half to Plaintiff for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

## FACTUAL BACKGROUND

18. Defendants hired Plaintiff in November 2014 and gave her the job title of "Store Manager."

19. Plaintiff was terminated in March 2015.

20. Plaintiff was a non-exempt employee.

21. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of his overtime hours. During this time, Plaintiff worked approximately fifty (50) hours per week.

22. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

23. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

24. Plaintiff has retained The Bendau Law Firm, PLLC to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## **COUNT ONE: FAIR LABOR STANDARDS ACT**
## **FAILURE AND/OR REFUSAL TO PAY OVERTIME**

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

26. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

27. At all relevant times, Defendants employed Plaintiff, and Plaintiff was employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

28. While employed by Defendants, Plaintiff regularly and consistently worked tens of hours of overtime per week, and Defendants did not pay to Plaintiff one-and-one-half times her regular rate of pay.

29. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

30. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

31. For example, and upon information and belief, during the workweek of December 17, 2014, Plaintiff was scheduled, and worked, for more than 40 hours. Defendant failed and/or refused to compensate Plaintiff at one-and-one-half times her regular rate of pay for all time she worked in excess of forty (40) hours.

32. Plaintiff believes and therefore avers that Defendants owe her similar unpaid overtime wages for all other pay periods for the duration of her employment.

33. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

34. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of her employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

35. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage

requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

36. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of her regular 40-hour workweek.

37. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

38. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

39. As a result of Defendants failure or refusal to pay Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for work Plaintiff performed for Defendants in excess of his regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one-and-one-half times her regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

40. **WHEREFORE**, Plaintiff, Ashley Hackworth, individually, requests that this Court enter Judgment against Defendants, JW Health and Fitness, LLC d/b/a Smoothie Factory and John Wilfert, in her favor:

    a. Awarding Plaintiff overtime compensation in the amount due to her for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times Plaintiff's regular rate while working at JW Health and Fitness, LLC d/b/a Smoothie Factory.

-7-

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th Day of August 2015.

                          THE BENDAU LAW FIRM, PLLC

                          By: /s/ *Clifford P. Bendau, II*
                          Clifford P. Bendau, II
                          Attorney for Plaintiff